## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DEBRA D. KORB, Individually, pro se, | Case No. 18-CV-1807-JRT-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| ESTATE OF DAVID N. CONSIGLIO, SR.; GAYLA CONSIGLIO; DAVID N. CONSIGLIO, JR.; INDUSTRIAL SEALING & LUBRICATION, INC.; PHILLIP G. VILLAUME; VILLAUME & SCHIEK, P.A.; JUDGE STEVEN MONTGOMERY; MIAMI COUNTY DISTRICT COURT; JOSEPH W. PHELPS; BEST & FLANAGAN, PA; KATHRYN G. LEE; BLANE MARKLEY; SPENCER FANE BRITT & BROWNE LLP; MICHAEL J. MINENKO; and MINENKO & HOFF, P.A., | |
| Defendants. | |

Plaintiff Debra D. Korb formerly worked for Industrial Sealing & Lubrication, Inc. ("ISL"), as a sales consultant.[1] Ms. Korb alleges that, while working for ISL, she was sexually harassed by that company's then-owner, David N. Consiglio, Sr. *See* Compl. ¶ 49 [ECF No. 1]. Ms. Korb's performance slipped over the following months and she was eventually let go from ISL. *Id.* ¶ 52.

---

[1] For purposes of this Report and Recommendation, this Court accepts as true all of the factual allegations in the complaint and draws all reasonable inferences in Ms. Korb's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).

1

After her dismissal. Ms. Korb filed for unemployment benefits. During those proceedings, Ms. Korb and ISL disputed whether she was an *employee* or an *independent contractor* of ISL. ISL, through its attorneys, argued that Ms. Korb had signed a contract establishing an independent contractor relationship, but that the contract had been lost following a flood and subsequent move. *See* Compl. ¶ 59. That argument was rejected during the unemployment proceedings and Ms. Korb was deemed to have been an employee of ISL. *Id.* ¶ 60; *accord Ladlie v. Industrial Sealing & Lubrication, Inc.*, No. 12-2053, 2013 WL 4711167 (Minn. Ct. App. Sept. 3, 2013).

Around this same time, ISL sued Ms. Korb in the state courts of Kansas (where ISL is headquartered) for breach of the contract that ISL could not produce during the unemployment proceedings. Ms. Korb's attorney, defendant Michael J. Minenko, told her not to contest the lawsuit because the Kansas courts lacked personal jurisdiction over her. *See* Compl. ¶ 67. Ms. Korb did not enter an appearance or respond to the complaint, and in October 2012, the Kansas court entered a default judgment against Ms. Korb for $57,814.23, plus interest, costs, and attorney's fees. *Id.* ¶ 68.

ISL then registered the judgment in Minnesota in order to collect on the bill. Ms. Korb fired Mr. Minenko, hired a new attorney, and challenged the judgment on the grounds that the Kansas court lacked personal jurisdiction over her. The challenge was rejected, the Kansas judgment was registered, and Ms. Korb's assets were liquidated. Ms. Korb, acting pro se, attempted to vacate the default judgment entered in Kansas, but her challenge was rejected as untimely.

Ms. Korb now brings this action against (1) ISL and several people and entities associated with ISL; (2) ISL's attorneys and their law firms in the Minnesota and Kansas proceedings; (3) the Kansas judge who entered default judgment, along with the Kansas court system itself; and (4) her attorney Mr. Minenko and his firm Minenko & Hoff, P.A. Ms. Korb did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action is taken in this matter.

This Court concludes that Ms. Korb qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal

conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The claims against the Kansas judge and Kansas state-court system as a whole may be dealt with briefly. The only factual allegations raised by Ms. Korb against the Kansas judge is that he entered default judgment against her and later declined to vacate that judgment. These are both quintessentially judicial actions for which the judge has absolute immunity from suit, regardless of whether the actions were erroneous as a matter of law. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). The Kansas court system, as an arm of the State of Kansas, is invested with sovereign immunity from suit in federal court. *See, e.g.*, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). That sovereignty has not been abrogated by the statutes cited by Ms. Korb, nor has Kansas otherwise consented to this lawsuit. Those defendants must therefore be dismissed from this action. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

What remains of this action are claims brought pursuant to 42 U.S.C. § 1983, federal criminal law, and state law against private actors (ISL, its agents, and Ms. Korb's attorney and his firm). With respect to the § 1983 claims for alleged violations of Ms. Korb's constitutional rights, "[o]nly state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). A private party may be considered a state actor only where that party willfully participates in joint activity with the state or its agents. *Id.* Certain of the defendants can be said to have

4

invoked the machinery of the state by acting as litigants in state courts. But this is insufficient to find that the defendants acted in conjunction with the state, as "[a] private party does not become a state actor by the 'mere invocation' of legal procedures." *Associated Contract Loggers, Inc. v. U.S. Forest Service*, 84 F. Supp. 2d 1029, 1033 (D. Minn. 2000) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n.21 (1982)). The remaining defendants thus cannot be found liable under § 1983.

Nor may Ms. Korb invoke 18 U.S.C. § 242, a criminal statute, against the defendants. "[I]t is well-settled that 18 U.S.C. § 242 does not provide a private right of action." *Horde v. Elliot*, No. 17-CV-0800 (WMW/SER), 2018 WL/987683, at *10 (D. Minn. Jan. 9, 2018) (collecting cases).

This leaves only Ms. Korb's state-law claims. Whatever the merits of those claims, the Court must decline jurisdiction over them. No federal question is presented by the state-law claims, and thus 28 U.S.C. § 1331 does not provide a basis for original jurisdiction. Ms. Korb does not allege the citizenship of the parties, but both she and several of the defendants appear to be citizens of Minnesota, and thus 28 U.S.C. § 1332(a) does not provide a basis for original jurisdiction, either. And the Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, any state-law claims must be dismissed without prejudice.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED as follows:

   a. Defendants Judge Steven Montgomery and the Miami County District Court be DISMISSED WITH PREJUDICE as immune from suit.

   b. The claims brought by plaintiff Debra D. Korb under federal law be DISMISSED WITH PREJUDICE.

   c. The claims brought by Ms. Korb under state law be DISMISSED WITHOUT PREJUDICE.

2. Ms. Korb's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Date:  August 20, 2018                           *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).